# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, HAGLER, and SCHASBERGER
Appellate Military Judges

**UNITED STATES, Appellant**
**v.**
**Specialist CARL R. CRAIN III**
**United States Army, Appellee**

ARMY MISC 20170547

Headquarters, Fort Riley
J. Harper Cook, Military Judge
Colonel Jerrett W. Dunlap, Staff Judge Advocate

For Appellant: Lieutenant Colonel Eric K. Stafford, JA; Captain Catharine M. Parnell, JA (on brief).

For Appellee: Lieutenant Colonel Christopher Carrier, JA; Captain Cody Cheek, JA; Captain Benjamin A. Accinelli, JA (on brief).

15 March 2018

--------------------------------------------------------------------
SUMMARY DISPOSITION AND ACTION ON APPEAL
BY THE UNITED STATES FILED PURSUANT TO
ARTICLE 62, UNIFORM CODE OF MILITARY JUSTICE
--------------------------------------------------------------------

Per Curiam:

In order for this court to have jurisdiction over an appeal under Article 62, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 862 (2012), the appeal must be filed in accordance with Army Court of Criminal Appeals Rules of Practice and Procedure (A.C.C.A.) Rule 21. We lack jurisdiction over appeals not filed in accordance with this rule.

Appellee stands accused of four specifications of rape, one specification of sexual abuse of a child, two specifications of assault consummated by a battery, and one specification of child endangerment, in violation of Articles 120, 120(b), 128, and 134, UCMJ (2006; 2012). This case is before this court pursuant to the government's appeal challenging the military judge's decision to exclude the hearsay statements of the minor victim, JC, under Military Rule of Evidence (Mil R. Evid.) 807.

## BACKGROUND

The government filed a motion in limine to admit JC's out-of-court statements to her mother, JP, as an excited utterance under Mil. R. Evid. 803(2) or under the residual hearsay exception under Mil. R. Evid. 807. The government also sought to admit statements JC made to KH under the medical exception in accordance with Mil. R. Evid. 803(4) or under the Mil. R. Evid. 807 residual hearsay exception.

The military judge made a preliminary written ruling in favor of admissibility for the statements JC's made to her mother, JP, as an excited utterance. In reference to the statements to KH, the military judge made a preliminary ruling against admissibility under the medical exception and as residual hearsay.

As the trial proceeded, JC was called as a witness, but because she was not able to take the standard oath nor a modified oath due to her young age, JC could not testify. The government renewed its motion under Mil. R. Evid. 807 to admit JC's statements to KH. The military judge reconsidered the motion and found the government satisfied the notice, materiality, and necessity prongs of the residual hearsay exception; however, the "equivalent and circumstantial guarantees of trustworthiness" were not met. JC's statements to KH were not admitted.

The government called KH to lay additional foundation for the admission of JC's statements. Based on the testimony of KH and the testimony of JC's treating physician, the government asked the military judge to reconsider his ruling for a second time on the admissibility of these statements from JC to KH.

On 19 October 2017, the military judge reconsidered his previous two rulings and once again ruled that the statements are not admissible. This final ruling is before us now based on the government's appeal.

## DISCUSSION

Article 62(a)(1)(B), UCMJ, states that "the United States *may* appeal . . .[a]n order or ruling which excludes evidence that is substantial proof of a fact material in the proceeding." Article 62(b) requires such an appeal be "forwarded" to the Court of Criminal Appeals.

Rule for Courts-Martial (R.C.M.) 908 implements Article 62, UCMJ. In pertinent part, the rule requires the trial counsel to provide the military judge with written notice not later than seventy-two hours after the ruling. R.C.M. 908(b)(2). Such notice shall identify the ruling or order to be appealed and the charges and specifications affected. R.C.M. 908(b)(2). Further, RCM 908(b)(5) requires a verbatim record that is complete to the extent necessary to resolve the issue appealed.

The appellate rules for filing government appeals are promulgated by The Judge Advocate General (TJAG) and published in this court's rules of practice and procedure. A.C.C.A Rule 21 covers appeals by the United States. The rule affords trial counsel twenty days from the date written notice of appeal is filed with the trial court to forward the appeal, including an *original* and *two copies* of the record of trial to the representative of the Government designated by TJAG. A.C.C.A Rule 21 (emphasis added).

The military judge made the ruling that the government is now appealing on 19 October 2017. On the same day, the government properly filed notice with the military judge of their intent to appeal, satisfying the seventy-two hour requirement. However trial counsel failed to forward the original and two copies of the record within the prescribed twenty days to the representative of the government. Some documents were mailed by the trial counsel on 8 November 2017, which is twenty days from the date notice was given to the military judge. This complies with the requirement to forward the record within twenty days. Three *copies* of the record were received at the Government Appellate Division (GAD) on 15 November 2017. These documents were filed with the court on 16 November 2017.[*]

Upon review, the Defense Appellate Division noted that several items were missing, in violation of R.C.M. 908, to include the ruling by the military judge that is the subject of the appeal and the entirety of the testimony surrounding the ruling.

The government has failed to adhere to A.C.C.A. Rule 21. The documents required for the appeal (i.e. the original record of trial and the military judge's ruling) were not mailed until 17 November 2017, twenty-nine days after the military judge's ruling, not within the required twenty days. No good cause has been shown as to why these rules should not be adhered to; therefore we lack jurisdiction to consider this appeal.

## CONCLUSION

Accordingly, the appeal by the United States under Article 62, UCMJ, is DISMISSED.

---

[*] GAD asserts they contacted a paralegal in the Clerk's office for guidance on how to proceed with the filing of this appeal. Though counsel contends the paralegal advised copies could be filed and later substituted with the original and that a motion to file out of time should be filed; no such motion was filed. Furthermore, the advice of a paralegal does not supersede the court rules nor does it change the legal responsibilities of counsel. A GAD branch chief confirmed the trial counsel had twenty days from the notice of appeal to mail the record of trial to GAD.

CRAIN–ARMY MISC 20170547



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court